**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GUSTAVO GONZALEZ-
DOMINGUEZ,

Defendant-Appellant.

No. 96-2114
(D.C. No. CR-95-574-LH)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Gustavo Gonzalez-Dominguez appeals the sentence imposed by the district court after he pled guilty to one count of importation of more than 100 kilograms of marijuana into this country from Mexico as well as one count of possession and one count of intent to distribute the marijuana. His original offense level was thirty-six which was reduced by nine levels, resulting in a sentence of twenty-four months on each count to be served concurrently. Prior to sentencing, Mr. Gonzalez-Dominguez sought a further reduction in his offense level due to the fact that he had admitted his illegal status and obtained a final order of deportation. The district court declined to grant any further reduction and Mr. Gonzalez-Dominguez appeals.

The government has filed a motion to dismiss this appeal asserting that we lack jurisdiction to review a district court's decision not to grant a downward departure unless the court clearly indicates it declined to depart because it lacked the power to do so. As the district court here clearly knew it could depart, this exception to the general rule of nonreviewability is not applicable.

While "[w]e have no jurisdiction to review a district court's discretionary refusal to depart downward from the guidelines[,]" we do have jurisdiction to review a defendant's constitutional challenge to the guidelines, as well as challenges involving questions of law pertaining to the interpretation and

application of the guidelines.  <u>United States v. LeRoy</u>, 984 F.2d 1095, 1096 (10th Cir. 1993).  We review such challenges de novo.  <u>See</u> <u>id.</u>

Mr. Gonzalez-Dominguez challenges the constitutionality of the guidelines as applied to him.  As we have jurisdiction to review this issue, we deny the government's motion to dismiss.

The government argues that Mr. Gonzalez-Dominguez waived his constitutional argument because he did not raise it to the district court.  Generally, we do not consider arguments raised for the first time on appeal.  <u>See</u> <u>Hicks v. Gates Rubber Co.</u>, 928 F.2d 966, 970 (10th Cir. 1991).

Mr. Gonzalez-Dominguez argues he was denied equal protection and due process because the United States Attorney's office has "routinely" supported a downward departure in other cases where the illegal alien has obtained a final order of deportation.  He contends that this argument was "implicit" in his assertion to the district court that he should be afforded a downward departure because the government offers such departures to other illegal aliens. We reject Mr. Gonzalez-Dominguez' argument that he implicitly raised this argument before the district court.

At sentencing, Mr. Gonzalez-Dominguez stated only that a final deportation order is routinely used in other cases as a basis to grant a downward departure.  <u>See</u> R. Vol. III at 6.  He did not alert the district court that he was asserting a

claim based on equal protection and due process concerns. Thus, he has waived this argument.

We will consider an argument raised for the first time on appeal "only in the most unusual circumstances." Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir. 1993). "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed. R. Crim. P. 52(b). The plain error doctrine, however, "is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." See, e.g., United States v. Young, 470 U.S. 1, 15 (1985) (quotation omitted).

The district court's refusal to grant a downward departure was not plain error. The government stated that downward departures based on the fact that the alien has obtained a final order of deportation are granted only to those illegal aliens who are being prosecuted for illegal reentry following a prior deportation. That is not the case here. Mr. Gonzalez-Dominguez was being prosecuted for possession, importation, and intent to distribute marijuana. The government's interest in having Mr. Gonzalez-Dominguez serve a term of imprisonment as punishment for these crimes, which are unrelated to his illegal entry into this country, is clear. Further, Mr. Gonzalez-Dominguez had already been granted a nine level reduction.

We conclude that not only did Mr. Gonzalez-Dominguez waive his constitutional argument by failing to raise it below, no miscarriage of justice will result by our refusal to consider his argument on appeal because he can demonstrate no error, and hence, no plain error.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. Appellee's motion to dismiss is DENIED.

Entered for the Court

James E. Barrett
Senior Circuit Judge